IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN A. JOHNSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 22-cv-457-SMY |
| | ) |
| STATE OF ILLINOIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Kevin A. Johnson was convicted of three counts of criminal sexual assault and two counts of aggravated criminal sexual abuse in Saline County, Illinois in November 2017 (Doc. 1, pp. 9-11). Johnson's conviction and sentence were affirmed on appeal to the Fifth District Appellate Court of Illinois. *People of the State of Illinois v. Kevin A. Johnson*, 2022 IL App(5th) 180371-U (March 17, 2022). He has a pending habeas action in state court. *People of the State of Illinois v. Kevin A. Johnson*, 16-CF-55 (Saline County, Illinois).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing §2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition, the Court concludes that this action must be dismissed.

Absent exceptional circumstances, a petitioner may not file a federal habeas petition until he has exhausted all means of available relief under state law. *See* 28 U.S.C. §2254(b); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerkel*, 526 U.S. 838, 839 (1999). Ordinarily,

this includes raising every issue in the trial court and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court. *See* 28 U.S.C. §2254(b); *O'Sullivan*, 526 U.S. at 845; *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010). Additionally, the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971) directs that, absent special circumstances, this Court should abstain from interjecting itself into pending state judicial proceedings. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). Special circumstances are generally limited to issues of double jeopardy and speedy trial, *Braden*, 410 U.S. at 489-92, which are not presented here.

Johnson asserts that no written jury waiver was obtained, his oral waiver was not understood, no fitness hearing was held, hearsay evidence was improperly admitted, polygraph evidence was improperly admitted, he had ineffective counsel, and the evidence was insufficient to find him guilty beyond a reasonable doubt (Doc. 1, p. 51). However, Johnson cannot challenge his conviction via a §2254 petition at this time because he has not exhausted his state remedies.

The electronic docket for Saline County, Illinois indicates that Johnson has a pending motion for habeas relief.[1] The state case is clearly pending, and the Court finds no special circumstances warranting federal interference in that case.

## DISPOSITION

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice** to the claims being refiled, if necessary, after Petitioner has fully exhausted his claims in the state court. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**Dated:  June 7, 2023**

---

[1] The state court record is publicly available at https://www.judici.com.

**STACI M. YANDLE**
**United States District Judge**